FILED
2021 Aug-09  AM 08:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **PATRICIA BOLTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NUMBER:** _____ |
| ) | |
| **HARTFORD LIFE AND** ) | |
| **ACCIDENT INSURANCE** ) | |
| **COMPANY,** ) | |
| **RAYCOM MEDIA, INC.,** ) | |
| **GROUP LONG TERM** ) | |
| **DISABILITY, LIFE AND** ) | |
| **SUPPLEMENTAL LIFE PLAN** ) | |
| **FOR EMPLOYEES OF RAYCOM** ) | |
| **MEDIA, INC.** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

Comes now the Plaintiff, Patricia Bolton and hereby files her Complaint against Hartford Life and Accident Insurance Company, Raycom Media, Inc., and Group Long Term Disability, Life and Supplemental Life Plan for Employees of Raycom Media, Inc.

## PARTIES

1.     The Plaintiff, Patricia Bolton ("Bolton"), is a participant under ERISA-governed disability and life policies, Group Long Term Disability, Life and

Supplemental Life Plan for Employees of Raycom Media, Inc. (the "Plan") who has been improperly denied long term disability benefits.

2.      Defendant, Hartford Life and Accident Insurance Company ("Hartford") is the Claims Administrator for the Plan issued to Plan Sponsor, Raycom Media, Inc. ("Raycom"). Defendants have improperly denied owed benefits to Bolton under the Plan. Upon information and belief, Hartford is a foreign corporation doing business throughout the United States, in the State of Alabama and in this district.

3.      Defendant, Raycom Media, Inc., is foreign corporation doing business throughout the United States, in the State of Alabama and in this district. On information and belief, Defendant Raycom is the Sponsor and Administrator of the Plan.

4.      Defendant, Group Long Term Disability, Life and Supplemental Life Plan for Employees of Raycom Media, Inc., Group Insurance Policy Number GLT-675245 and Plan No. 501, ("Plan") is an employee benefit plan as defined in 29 U.S.C. §1002 (3) that is, upon information and belief, both sponsored and administered by Defendant, Raycom Media, Inc. with Defendant Hartford serving as the claims administrator for the Plan.

## JURISDICTION AND VENUE

5.     This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. Plaintiff asserts claim for long-term disability benefits, enforcement of ERISA rights, and statutory violations of ERISA under 29 U.S.C. §1132. This Court has subject matter jurisdiction under ERISA without respect to the amount in controversy or the citizenship of the parties. 29 U.S.C. §1132(a), (e)(1) and (f) and 28 U.S.C. §1131. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

## INTRODUCTION

6.     The traditionally held purpose of the ERISA statute is "to promote the interest of employees and their beneficiaries in employee benefit Plan." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 90 (1983). Instead of promoting and protecting the interests of Ms. Bolton, Defendants victimized her by engaging in utterly reprehensible claim handling procedures. The shortcomings of ERISA as it relates to claims for "welfare" benefits have been exploited by the Defendants to avoid paying Ms. Bolton's valid claims that would otherwise be payable under state insurance law. As described in more detail below, the Defendants have clearly engaged in bad faith claim handling and Ms. Bolton, at a minimum, is patently entitled all relief that ERISA provides.

## STATEMENT OF FACTS

7.     Ms. Bolton is a participant under Group Long Term Disability, Life and Supplemental Life Plan for Employees of Raycom Media, Inc., sponsored by her employer, Raycom Media, Inc. The Plan provide participants, like Ms. Bolton, long term disability ("LTD") benefits.

8.     Ms. Bolton is fifty-four years old. She worked at Raycom Media, Inc. as an account executive until she became disabled from all work as of October 11, 2010.

9.     Ms. Bolton's LTD benefits were initially approved and paid for nine years due to restrictions and limitations caused by fibromyalgia and plantar fasciitis. Ms. Bolton also suffers from uncontrolled diabetes, lumbar radiculitis, lumbar pain, thoracic radiculopathy, sacroiliitis, hyperlipidemia, IBS with diarrhea, depression, and anxiety. These conditions cause lower extremity edema, tingling/numbness, bilateral leg pain, back pain, joint pain, stiffness, and decreased range of motion. Ms. Bolton suffers impairing side effects from her prescribed medications including fatigue, drowsiness, and dizziness. Her restrictions and limitations from her medical conditions render Ms. Bolton unable to perform all work, as acknowledged by Defendants for almost a decade, her treating physicians and the Social Security Administration.

10.     Defendants approved and paid Ms. Bolton for long-term disability benefits from January 9, 2011, until March 14, 2019, before terminating her long-term benefits by letter dated March 15, 2019. (*See* March 15, 2019, LTD Termination Letter from Hartford, attached hereto as Exhibit "A").

11.     Prior to the termination, Ms. Bolton was notified of Hartford's intention to discontinue her benefits for her physical conditions and wrote to Hartford to appeal the decision. (*See* Plaintiff's Letter to Hartford dated January 14, 2019, attached hereto as Exhibit "B".

12.     Through counsel, Plaintiff submitted a second appeal dated September 11, 2019. (Second Appeal Letter dated September 11, 2019, attached hereto as Exhibit "C" (without attachments).

13.     Despite receiving extensive evidence showing Ms. Bolton's continuing pain, fatigue, limited range of motion, cognitive impairment and other debilitating side effects from her necessary medications, Defendants issued a final denial for her LTD benefits by letter dated October 23, 2019. (*See* LTD Final Denial Letter dated October 23, 2019, attached hereto as Exhibit "D").

14.     In all denials Defendants relied on the opinions of their paid medical reviewers who never examined Ms. Bolton. (*See* Exhibits "A" & "D").

15.     Ms. Bolton's treating physician, Dr. Steven Allen, has repeatedly opined by both medical source statement and by completing attending physician

statements, that Ms. Bolton has severely debilitating restrictions and limitations. In fact, Dr. Allen submitted a detailed rebuttal of the findings of Defendants' paid medical reviewer by letter dated January 27, 2019. (*See* Correspondence from Dr. Allen dated January 27, 2019, attached hereto as Exhibit "E").

16.    While paying her claim, Defendants' relentlessly hounded Ms. Bolton to apply for Social Security disability benefits to reduce their LTD obligations. Ms. Bolton received a fully favorable decision dated October 24, 2012. (*See* SSA Fully Favorable Decision and Notice of Award attached hereto as Exhibit "F").

17.    Once awarded, Defendants claimed an overpayment of the LTD benefits they paid to Ms. Bolton but did not give the SSD approval any further consideration. (*See* Correspondence regarding Social Security Overpayment, attached hereto as Exhibit "G")

18.    As of this date Ms. Bolton has been denied benefits rightfully owed to her under the Plan. Defendants' decision to terminate LTD benefits after almost a decade of finding she was disabled under the LTD policy was grossly wrong, without basis, and contrary to the evidence.

19.    Ms. Bolton met and continues to meet the Plan's definition of "disabled."

20.    The Defendants did not establish and maintain a reasonable claim procedure or provide a full and fair review of Ms. Bolton's claim as required by

ERISA. Instead, Defendants acted only in their own pecuniary interests and violated ERISA by conduct including, but not limited to, the following: reviewing the claim in a manner calculated to reach the desired result of denying benefits; failing to properly consider and credit the medical opinions of Ms. Bolton's medical providers; failing to perform an accurate vocational analysis; and failing to have Ms. Bolton submit to independent medical exams as allowed by the Plan.

21.    Upon information and belief, the Plan does not grant discretionary authority to determine eligibility for benefits to any other entity who may have adjudicated Ms. Bolton's claim. Therefore, the Court should review the Plaintiff's claim for benefits under a *de novo* standard. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). In the alternative, the denial of Plaintiff's benefits constitutes an abuse of discretion.

22.    Upon information and belief, Hartford was required to both evaluate and pay claims under the Plan at issue, creating an inherent conflict of interest.

23.    Ms. Bolton has exhausted any applicable administrative review procedures, and Defendants' refusal to pay benefits is both erroneous and unreasonable and has caused tremendous financial hardship on Plaintiff.

## DEFENDANTS' WRONGFUL AND UNREASONABLE CONDUCT

**A.     Defendants' Determination that Plaintiff does not Meet the Definition of Disability as Stated in the Plan was both Erroneous and Unreasonable.**

24.     According to Hartford, the Long-Term Disability plan at issue states, in part:

> **Disability or Disabled** means:
> 1. during the Elimination Period, you are prevented from performing one or more of the Essential Duties of Your Occupation;
> 2. for the 24 months following the Elimination Period, you are prevented from performing one or more of the Essential Duties of Your Occupation, and as a result your Current Monthly Earnings are less than 80% of your Indexed Pre-disability Earnings;
> 3. after that, you are prevented from performing one or more of the Essential Duties of Any Occupation.

(*See* Exhibit "A").

25.     Ms. Bolton's treating physicians and the Social Security Administration all determined that Ms. Bolton's restrictions and limitations were so severe that she would be unable to perform any work at any exertional level. (*See* Exhibits "E" & "F"). However, Defendants ignored those supported opinions and based their denial on flawed and unreliable medical and vocational evidence and analyses that were obtained from biased and conflicted sources. Defendants also disregarded reliable evidence establishing Ms. Bolton's ongoing disability.

26.     Ms. Bolton struggles with debilitating pain and symptoms from her conditions every single day. Defendants' assertion that she is not disabled is at the very least unreasonable.

**B.     Defendants' Decision to Terminate Long Term Disability Benefits was not Supported by Substantial Evidence.**

27.     In their consideration of Ms. Bolton's claim, Defendants only retained paid consultants to review her medical records. The sole reason for Defendants' denials and termination was based on the opinions of paid paper reviewers, who never actually examined Ms. Bolton, and determined that she did not suffer disabling restrictions and limitations.

28.     Considering the nature of her conditions and her well-documented struggles with treatment, the notion that she is not restricted from work is absurd. Based on the language of the policy and common-sense practice, Defendants could have requested an independent medical examination of Ms. Bolton. Instead, they determined that an in-house vocational analysis and a medical file review were superior to years of treatment records and recommendations from Ms. Bolton's actual treating physicians.

29.     Ms. Bolton's medical file clearly demonstrates that she is disabled. Ms. Bolton's treating physicians have attested to her disabilities on multiple occasions. Defendants were provided with numerous capacity reports that consistently stated Ms. Bolton would be totally disabled indefinitely. Defendants also had access to

records from Ms. Bolton's treating physicians clearly documenting Ms. Bolton's constant struggle with debilitating pain and the symptoms from her many serious medical conditions.

30.     The records of Ms. Bolton's long-standing medical providers, who have no stake in the outcome of the case, clearly evidence that she is disabled based on their numerous personal examinations, testing, and procedures. Their opinions are consistent with the record as a whole.

31.     Defendants' hired medical reviewers, on the other hand, did not examine Ms. Bolton. The conclusion that Ms. Bolton was not disabled was based merely on hired reviewers' assessment of her medical records. The opinions of Defendants' medical reviewers do not support the revocation of benefits because the opinions of these non-examining consultants hired by the insurance company are the only "evidence" contrary to the opinions of Ms. Bolton's treating physicians.

32.     Not only did Defendants' hired medical consultants never examine Ms. Bolton but there is no evidence to support their position that she was less restricted than indicated by her treating physicians.

33.     Ms. Bolton's own medical physicians' evaluations were objective and reliable and should have been afforded far greater weight than those of consultants hired by Defendant, especially since Defendant's reviewers never bothered with even one of the multiple physical exams allowed by the Plan. Accordingly,

Defendant's termination of Ms. Bolton's LTD benefits was based on insufficient evidence.

> **C.** **Defendants' Failure to Properly Credit Ms. Bolton's Well-Documented Complaints Pain was Arbitrary and Capricious.**

34.    Ms. Bolton's primary disabling impairments have been established by objective proof and have been diagnosed by her treating physicians based on her medical history, physical examinations, imaging, and observation.

35.    While pain can be a subjective component of Ms. Bolton's conditions it is reasonable and expected that her conditions, including a laminectomy in January 2019 while her claim was under review, would cause the level of pain claimed by Ms. Bolton.

36.    In the denial letters, Defendants made no mention of how Ms. Bolton's severe pain, fatigue, cognitive impairment, and side effects from her necessary medical treatments would affect her ability to perform work.

37.    The record in this case reveals well-documented complaints of debilitating pain. There is no objective evidence to contradict Ms. Bolton's complaints and therefore Defendants cannot discredit her subjective complaints.

38.     It was substantively unreasonable for the Defendants to deny benefits for Ms. Bolton's disabilities involving subjective elements such as pain and fatigue.

39.    Ms. Bolton has submitted credible evidence of the subjective components of her conditions and objective evidence of the underlying conditions causing her pain.

40.    Defendants made no effort to evaluate the veracity of Ms. Bolton's claim and did not identify what objective evidence she could have or should have produced to be sufficient to prove subject elements of her claim.

41.    Ms. Bolton's medical records contain well-documented complaints of pain and treatments prescribed by her treating physicians. The records provided to Defendants show Ms. Bolton's long-time struggles with pain, fatigue, limited mobility, as well as a host of other side effects from her necessary medications.

42.    Defendants did not credit these well-documented complaints or the opinions of Ms. Bolton's treating physicians, and instead unreasonably denied her claim.

43.    In its review, Defendants also failed to consider non-exertional limitations including (1) impaired concentration due to pain and medication side effects; (2) limited dexterity and range of motion; and (3) a limited ability to remain seated for an extended period of time. Such non-exertional limitations are important aspects of vocational capacity that Defendants did not properly evaluate.

## CAUSES OF ACTION

### Count One
### ERISA (Claim for Benefits Owed under Plan)

44.  Plaintiff hereby incorporates by reference every fact as if it were restated herein.

45.  At all times relevant to this action Ms. Bolton was a participant of Group Long Term Disability, Life and Supplemental Life Plan for Employees of Raycom Media, Inc., within the meaning of 29 U.S.C § 1002(7) and was eligible to receive disability benefits under the Plan.

46.  As more fully described above, the denial, termination, and refusal to pay Ms. Bolton benefits under the Plan for the period of at least on or about March 2019 through the present constitutes a breach of Defendants' obligations under the Plan and ERISA. The decision to deny benefits to Ms. Bolton was not reasonable and it was not based on substantial evidence.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court to enter judgment for Plaintiff and otherwise enter an Order providing that:

1.      The applicable standard of review in this case is *de novo*;

2.      That the Court may take and review the records of Defendants and any other evidence that it deems necessary to conduct an adequate *de novo* review;

3.    From at least October 2010 through the present, Ms. Bolton met the Plan's definitions of disabled;

4.    Defendants shall pay Ms. Bolton all benefits due for the period from at least March 2019 through the present in accordance with the policy;

5.    Defendant shall pay Plaintiff compounding prejudgment interest on all contractual benefits that have accrued prior to the date of judgment in accordance with 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3);

6.    Defendant shall continue paying Plaintiff's benefits in an amount equal to the contractual amount of benefits to which she is entitled through the Plan's Maximum Benefit Periods so long as she continues to meet the Plan's conditions for continuance of benefits;

7.    Defendant shall pay attorney's fees for Plaintiff's counsel pursuant to 29 U.S.C. § 1132(g);

8.    Plaintiff be awarded any and all other contractual and/or equitable relief to which she may be entitled, as well as the costs of suit.

Respectfully Submitted,


/s/ *Amanda Stansberry*
Amanda Stansberry (ASB-7793-M64S)

STANSBERRY LAW, LLC
3535 Grandview Parkway
Suite 310
Birmingham, Alabama 35243

Phone:     205-383-7996
Fax:     833-583-4357
amanda@stansberrylaw.com


**<u>PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:</u>**

Hartford Life and Accident Insurance Company
c/o CT Corporation System
2 North Jackson Street
Montgomery, AL  36104

Raycom Media, Inc.
201 Monroe Street
20th Floor
Montgomery, AL  36104

Group Long Term Disability, Life and Supplemental Life Plan for Employees of
Raycom Media, Inc
c/o Raycom Media, Inc.
201 Monroe Street
20th Floor
Montgomery, AL  36104